**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

November 7, 2025

Corinne Elise Amato, Esquire
Eric J. Juray, Esquire
Kirsten M. Valania, Esquire
Prickett, Jones & Elliott, P.A.
1310 North King Street
Wilmington, Delaware 19801

Christopher H. Lyons, Esquire
Jason M. Avellino, Esquire
Tayler D. Bolton, Esquire
Robbins Geller Rudman & Dowd LLP
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803

Sarah R. Martin, Esquire
Samuel L. Moultrie, Esquire
Bryan T. Reed, Esquire
Greenberg Traurig LLP
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801

Rudolf Koch, Esquire
Matthew D. Perri, Esquire
Mari Boyle, Esquire
Kevin M. Kidwell, Esquire
Zachary R. Greer, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

D. McKinley Measley, Esquire
Jialu Zou, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899

RE: *Seetal Dodiya v. Michael E. Franklin et al.*,
C.A. No. 2025-0932-LWW

Dear Counsel,

Before me is the defendants' motion to stay (the "Motion").[1] The defendants seek to stay this action pending the Delaware Supreme Court's resolution of a certified question in *Rutledge v. Clearway Energy Group LLC*.[2] Alternatively, they ask to stay discovery pending a ruling on their motion to dismiss.[3] After reviewing the parties' submissions, I conclude that a stay of discovery—but not of this action—is warranted.

First, a stay of the action is unnecessary. The plaintiff advances claims for violation of 8 *Del. C.* § 203 and conversion that are unaffected by the *Clearway* challenge to 8 *Del. C.* § 144.[4] More importantly, the parties stipulated to the motion to dismiss briefing schedule *after* the *Clearway* matter had been certified. Having stipulated to that schedule in full view of *Clearway*, the defendants' concerns of inefficiency are unpersuasive. The parties must complete briefing as scheduled.

---

[1] Defs.' Mot. to Stay Action or Stay Disc. Pending Decision on Defs.' Mot. to Dismiss (Dkt. 24) ("Mot."); Pl.'s Opp'n to Defs.' Mot. to Stay Action or Stay Disc. Pending Decision on Defs.' Mot. to Dismiss (Dkt. 26) ("Opp'n"); Defs.' Reply in Further Supp. of Mot. to Stay Action or Stay Disc. (Dkt. 30).

[2] Mot. ¶¶ 1-2, 11-13; *see Rutledge v. Clearway Energy Gp. LLC*, No. 248, 2025 (Del. 2025).

[3] Mot. ¶¶ 3-4, 14-16.

[4] This case does not involve a constitutionality challenge to Section 144.

It would be inefficient, however, to hold oral argument on the motion to dismiss while a potentially dispositive ruling on a central legal standard is pending before the Delaware Supreme Court. I will therefore defer hearing and ruling on the motion until the *Clearway* challenge is resolved.

Second, the defendants' alternative request to stay discovery is granted. This court routinely stays discovery pending the resolution of a motion to dismiss to "avoid the cost and inconvenience of unnecessary discovery."[5] There are no special circumstances that justify departing from that practice here, given the defendants' preservation obligations.[6]

The defendants' compliance with their discovery obligations is the plaintiff's main concern—understandably so, given past deficiencies.[7] Although I am not directing the defendants to provide the written certification of compliance that the plaintiff requests, counsel must nonetheless ensure that the defendants honor their

---

[5] *Weinberger v. Amstar Corp.*, 1984 WL 19474, at *1 (Del. Ch. Jan. 16, 1984); *see also TravelCenters of Am. LLC v. Brog*, 2008 WL 5101619, at *1 (Del. Ch. Nov. 21, 2008) (explaining that "avoiding unnecessary discovery is usually sufficient justification for a stay").

[6] *Cf. In re McCrory Parent Corp.*, 1991 WL 137145, at *1 (Del. Ch. July 3, 1991) (noting that a stay may be denied where "information may be unavailable later").

[7] *See Dodiya v. Whole Earth Brands, Inc.*, C.A. No. 2024-1033-LWW, ¶¶ 2-3 (Del. Ch. Mar. 3, 2025) (ORDER).

preservation obligations throughout this litigation. Their responsibility includes verifying that the defendants have taken appropriate steps to preserve potentially relevant documents and data. To be clear, this duty requires active *preservation*; it does not, at this stage, require *collection*.

The plaintiff's counsel also ask that, "as a condition to any stay," I order the defendants to "promptly collect all [electronically stored information (ESI)] not yet preserved."[8] I interpret this as a request for the immediate collection of ESI. That request is denied. Preservation and collection are distinct obligations falling at separate stages of the discovery process.[9] We are not yet at the collection stage.

Preservation requires parties to take reasonable steps to ensure that potentially relevant information is not lost or destroyed once litigation is reasonably anticipated.[10] These steps include identifying individuals likely to have relevant

---

[8] Opp'n 1; *see also id.* ¶ 26 (requesting that "any stay, if issued, come with an order that [the d]efendants . . . ensure that all potentially relevant sources of ESI from [the d]efendants not yet collected is done so within twenty days").

[9] *See DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 923 (N.D. Ill. 2021) ("ESI document disclosure and discovery involve five fundamental steps: (1) identification, (2) preservation, (3) collection, (4) review, and (5) production.").

[10] *See Beard Rsch. v. Kates*, 981 A.2d 1175, 1185 (Del. Ch. May 29, 2009) ("A party in litigation or who has reason to anticipate litigation has an affirmative duty to preserve evidence that might be relevant to the issues in the lawsuit."); *see also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003); *The Sedona Principles, Third Edition*, 19 SEDONA CONF. J. 1, Principle 5, 93-117 (2018) (emphasizing that the duty to

information, issuing a legal hold notice, suspending auto-delete or routine data-purging features affecting company servers or key custodians, and safeguarding data sources where such information may reside.[11] Preservation obligations are ongoing and must be actively maintained throughout the litigation.

Collection, by contrast, involves the targeted gathering and processing of information for review and production. It is resource-intensive, often requiring extensive attorney hours to identify custodians and data sources, outside vendors to extract and process data, and secure data hosting.[12] For efficiency and proportionality, collection generally occurs only after the parties have conferred on the scope of discovery, identified custodians, and established search parameters.[13]

---

preserve requires reasonable, good-faith efforts to retain potentially relevant information but not disproportionate steps to preserve every instance of information).

[11] *See* The Sedona Conference, *Commentary on Legal Holds, Second Edition*, 20 SEDONA CONF. J. 341, 355-57 (2019) (explaining that "[o]nce the duty to preserve is triggered, an organization must decide what to preserve and how to preserve it," guided by principles of proportionality).

[12] *See Fortis Advisors LLC v. Johnson & Johnson*, 2021 WL 4314115, at *3 (Del. Ch. Sept. 21, 2021) (describing steps to collect data, including "interview[ing] the potential custodian, identify[ing] the locations of documents, [and] collect[ing] documents from all potential sources (often including cell phones)" (citing Edward P. Welch et al., *Mergers & Acquisitions Deal Litigation* § 8.02[D] (2020))).

[13] *See* The Sedona Conference, *supra* note 11, at 398 (explaining that "it is important to distinguish between preserving information in place, and collecting and sequestering it," especially if "there are many custodians or there is ongoing business information subject to the legal hold"); *see also The Sedona Principles, supra* note 10, at Principle 6 & cmt. 6b

The immediate legal obligation is to preserve potentially relevant information, not to collect it. Combining these steps too early would disrupt the orderly flow of discovery by gathering documents before the scope of discovery has been set. Materials gathered prematurely may be overinclusive, leading to unnecessary storage and processing of irrelevant data. Or they may be underinclusive, forcing parties to re-collect and re-process information. In either case, out-of-sequence collection results in wasted effort, expense, and inefficiency.

The Motion is therefore granted in part and denied in part. IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

(recognizing that responding parties are best positioned to determine the timing and manner of preservation, collection, and production consistent with their discovery obligations).